IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DOUGLAS A. KELLEY,** § <br> in his capacity as the Chapter 11 Trustee § <br> of Petters Company, Inc. § <br> § <br> Appellant. § <br> § <br> v. § <br> § <br> **CYPRESS FINANCIAL TRADING** § <br> **COMPANY, L.P.,** § <br> § <br> Appellee. § | Civil Action No. **3:13-CV-02282-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is the appeal of Douglas A. Kelley, in his capacity as Chapter 11 Trustee of Petters Company, Inc., filed June 17, 2013. After consideration of the briefs, record on appeal, and the applicable law, the court **reverses** the order of the Bankruptcy Court entered on May 3, 2013, and **remands** this case to the Bankruptcy Court for dismissal.

**I.     Background**

In 2008, federal law enforcement officers surrounded the office of Thomas Petters ("Petters") and seized items of evidence related to a large Ponzi scheme. For years, Petters used an entity named "Petters Company, Inc." ("PCI") and its affiliates to take investors' money and told the investors that he was purchasing electronic goods and selling them to large retailers.[1] One of those investors was Appellee Cypress Financial Trading Company, L.P. ("Cypress"). Cypress is a limited partnership;

---

[1] Petters was not actually purchasing electronic goods; instead, he was taking money from new investors and paying the earlier investors.

**Memorandum Opinion and Order - Page 1**

...

its general partner is EGO GP Interests, Inc. ("EGO"), and its limited partner is JBJ Lending Company ("JBJ"). During the Ponzi scheme, Cypress was paid more than $11.4 million.

On October 9, 2010, Appellant Douglas A. Kelley, in his capacity as the Chapter 11 Trustee of Petters Company, Inc. ("Kelley" or "PCI Trustee") sued Cypress in the United States Bankruptcy Court for the District of Minnesota, seeking recovery of the funds Cypress and its partners received from the Ponzi scheme. On December 4, 2012, Cypress filed a voluntary Chapter 7 petition. Cypress stipulates that it does not have any assets. On March 14, 2013, Cypress's Chapter 7 Trustee filed a Chapter 7 Trustee's Report of Distribution certifying that Cypress had no assets. Additionally, Cypress only disclosed two creditors: the PCI Trustee and EFO Management, LLC ("EFO"). EFO is an affiliated insider entity that gave Cypress money to help secure legal counsel for this bankruptcy case. Cypress states that the PCI Trustee is a disputed, contingent, and unliquidated unsecured creditor holding a claim, which comes from the $11.4 million fraudulent transfer claim the PCI Trustee filed in the United States Bankruptcy Court for the District of Minnesota in October 2010. On March 29, 2013, the PCI Trustee filed a motion to dismiss Cypress's Chapter 7 case in the United States Bankruptcy Court for the Northern District of Texas ("the Bankruptcy Court"). On May 3, 2013, the Bankruptcy Court denied PCI Trustee's motion.

## II.     Legal Standard

In a bankruptcy appeal, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal: a bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law *de novo*. *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003); *Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re National Gypsum Co.)*, 208 F.3d 498, 504 (5th Cir.), *cert. denied,* 531 U.S. 871 (2000). The


decision whether to grant a motion to dismiss a petition in bankruptcy, however, lies within the discretion of the bankruptcy judge, since equitable principles may be applied under the present Bankruptcy Code. *In re Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir. 1988).

A bankruptcy court's "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Fed. R. Bankr. P. 8013. A finding is clearly erroneous and reversible only if, based on the entire evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been made." *In re Dennis*, 330 F.3d at 701 (citation omitted). In conducting this review, the court must give due regard to the opportunity of the bankruptcy judge to determine the credibility of the witnesses. *Id.*; *see also Young v. Nat'l Union Fire Ins. Co. (In re Young),* 995 F.2d 547, 548 (5th Cir. 1993) (quoting Fed. R. Bankr. P. 8013).

**III.   Analysis**

Kelley contends that the court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1) because it is an appeal from a final judgment of the United States Bankruptcy Court for the Northern District of Texas. Kelley argues that even if the Bankruptcy Court's order is not considered final, the court still has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(3). Further, Kelley contends that the bankruptcy court erred by concluding that, pursuant to 11 U.S.C. § 707(a), cause did not exist to dismiss Cypress's Chapter 7 case. Kelley argues that Cypress filed its Chapter 7 case as a litigation tactic to impede the PCI Trustee, Cypress's sole non-insider creditor. Kelley also contends that Cypress had no assets to distribute to any creditors, was not eligible for a discharge, and had no viable avoidance actions to recover pre-petition asset transfers. For these reasons, Kelley contends that none of the purposes of a Chapter 7 filing could be attained by Cypress.

### A. Whether This Court Has Appellate Jurisdiction Over Kelley's Appeal of Judge Jernigan's Order Denying His Motion to Dismiss

Cypress contends that appellate jurisdiction does not properly lie in this court because this appeal is not from a final appealable order. Cypress argues that, in general, an order denying a motion to dismiss is considered a nonappealable interlocutory order. Pursuant to 28 U.S.C. § 158(a), district courts shall have jurisdiction to hear appeals: (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees. Kelley contends that Judge Jernigan's order denying his Motion to Dismiss was a final order. Further, Kelley argues that even if Judge Jernigan's order is not considered a final order, the court has jurisdiction to hear an appeal from an interlocutory order.

Cypress cites *In re Pickle*, 149 F.3d 1174 at *2 (5th Cir. 1998), which states, "In general, an order denying a motion to dismiss is considered a nonappealable order. The same rule applies in bankruptcy appeals. A bankruptcy court's order denying a motion to dismiss generally is not a 'final' order within the meaning of 28 U.S.C. § 158(d)." *Pickle*, however, further explains that the order at issue does not end a "discrete judicial unit" within a larger bankruptcy case. *Id*. *Pickle* states that the result of the bankruptcy court's denial of Pickle's motion to dismiss is that the bankruptcy proceeding will continue and the appellee's claims will be adjudicated on the merits. Further, *Pickle* explains that the denial of the motion is just a preliminary step in one phase of the bankruptcy proceeding. *Pickle* is different from the case before the court, as Cypress is essentially at the end of the road, and there are no assets to distribute.

**Memorandum Opinion and Order - Page 4**

The court agrees with Kelley that Cypress's bankruptcy case is essentially concluded; however, the court still does not view Judge Jernigan's order as a final order. Instead, the court holds that it has jurisdiction over Judge Jernigan's order pursuant to 28 U.S.C. § 158(a)(3), which states that the court shall have jurisdiction to hear appeals, with leave of the court, from other interlocutory orders and decrees. Kelley did not file a motion for leave to file its appeal; however, Federal Rule of Bankruptcy Procedure 8003(c) states: "If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed." Section 158(a) allows a district court to grant leave to appeal an interlocutory order, but the section does not set forth the standard a district court should use in determining whether to grant leave to appeal. *Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991). Most district courts faced with this problem have adopted the standard under 28 U.S.C. § 1292(b). *Id*. "This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Id*.

The court determines that these three elements are met. First, the controlling issue of law is whether, pursuant to 11 U.S.C. § 707, cause existed to dismiss Cypress's Chapter 7 case. Second, there is clearly substantial ground for difference of opinion, as both Appellee and Appellant have different perspectives on this issue, which are both supported by existing precedent. Third, the immediate appeal will materially advance the ultimate termination of the litigation in this case because the court is holding that cause *did* exist for the Bankruptcy Court to dismiss Cypress's

Chapter 7 case. Therefore, the court construes Kelley's Notice of Appeal as a motion for leave to appeal and **grants** the motion for leave to appeal.

>  B.  **Whether the Bankruptcy Court Erred by Concluding that Cause Did Not Exist Pursuant to 11 U.S.C. § 707(a) to Dismiss Cypress's Chapter 7 Case**

Kelley contends that Cypress's Chapter 7 case fails to implicate the essential purpose of a corporate Chapter 7 debtor case, which he contends is the fair and orderly liquidation of corporate assets to creditors. Additionally, since there was no essential purpose in Cypress filing the case, Kelley argues that Cypress's Chapter 7 case was filed in bad faith as a litigation tactic. For these reasons, Kelley contends that the bankruptcy court erred by concluding that cause did not exist pursuant to 11 U.S.C. § 707(a) to dismiss Cypress's Chapter 7 case.

A finding of bad faith can be cause for dismissal of a Chapter 7 proceeding under 11 U.S.C. § 707(a).[2] *In re Richard Carbaugh*, 299 B.R. 395, 397-98 (Bankr. N.D. Tex. 2003); *see also In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071-72 (5th Cir. 1986) (stating that "[e]very bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings"). Courts should "balance the equities and weigh the 'benefits and prejudices' of a dismissal." *In re Atlas Supply Corp.*, 857 F.2d at 1063. Resort to the protection of bankruptcy laws is not proper when "there is no going concern to preserve, there are no employees to protect, and there is no hope of rehabilitation . . . ." *In re Little Creek Dev. Co.*, 779 F.2d at 1073. Courts have noted that the twin pillars of

---

[2] Pursuant to 11 U.S.C. § 707(a), "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause, including: (1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment of any fees or charges required under chapter 123 of title 28; and (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee." Given the language of the statute, this list is not exhaustive.

**Memorandum Opinion and Order - Page 6**

bankruptcy are: (1) the discharge of the debtor; and (2) the satisfaction of valid claims against the estate. *See In re Lots by Murphy, Inc.*, 430 B.R. 431, 436 (Bankr. S.D. Tex. 2010).

Since Cypress is a corporation, it may not obtain discharge from a Chapter 7 filing. 11 U.S.C. § 727(a)(1). Therefore, the first pillar of bankruptcy could not be achieved by keeping this case. Additionally, since Cypress has no assets whatsoever for the trustee to liquidate to pay claims, it cannot achieve the second pillar of bankruptcy. Since neither pillar of bankruptcy will be achieved, none of the parties to this bankruptcy proceeding will be prejudiced by dismissal. *See id*. Cypress will not be prejudiced by a dismissal because it will not receive a discharge from its Chapter 7 case, regardless of whether its Chapter 7 case is dismissed. Kelley, the sole non-insider creditor, will not be prejudiced because bankruptcy proceedings offer no advantages to his enforcement of any rights he has against Cypress. Kelley will actually benefit from the dismissal, as he will then be able to return to the state court suit and avoid the delays of a bankruptcy case. The balancing of the equities favors dismissal of this Chapter 7 case. No legitimate end will be served by keeping this case on the docket.

> During the Bankruptcy Court's hearing on this motion, Judge Stacey Jernigan stated:
>
> I mean   I mean I can look at this either way. On the one hand, you know, what's the point? I don't even necessarily have to find bad faith or worry about is that relevant here. I mean if there are no assets to administer or no transfers, if you've done a no-asset report, and there are   there's one creditor, you know, what's the point in being in bankruptcy? There's nothing to accomplish. I can just   for cause, there's nothing to accomplish here. I could dismiss, I guess, under 707(a). On the other hand, if a defunct entity wants to file Chapter 7 and announces to the world, "We're done," what's wrong with that?

Tr. of Mot. to Dismiss at 21-22. Judge Jernigan then stated:

> While, to be clear, the evidence is undisputed that there are no assets, no known assets, no scheduled assets, no known viable claims or causes of action. And while it appears we only have one non-insider creditor, contingent, I guess, disputed

> creditor, and while that doesn't seem like a lot to justify a bankruptcy filing, the fact is that Chapter 7 is of some utility to any defunct business to [w]rap up whatever is left in the company and to give transparency and notice to creditors about that process and give an opportunity for any creditors, known or unknown, to come forward and take positions on what happens to wind down the business. And having a third party fiduciary like a trustee is of some benefit in that process. So, I don't find bad faith. And I don't find any other cause to dismiss under 707(a).

*Id*. at 25. While the court understands the Bankruptcy Court's perspective, it does not find any benefit in granting Cypress the opportunity to "announce to the world" that it is winding down the business, especially since Cypress only has one non-insider creditor, and that creditor is represented by the appellant in this case. In other words, there is nothing left to "wrap up" and there is no need to give transparency and notice to creditors or an opportunity for creditors, known or unknown, to come forward because the only creditor involved in this case is the one who has appealed the bankruptcy court's decision. Therefore, filing a Chapter 7 case provides no benefit to Cypress, other than delaying the Minnesota state court litigation, since Cypress would have to address the state court litigation the moment that the bankruptcy case closed. Additionally, granting Kelley's motion to dismiss does not harm Cypress, other than requiring it to address the pending state court litigation.[3]

Continuing this Chapter 7 case harms Kelley in two main ways. First, its lawsuit in Minnesota state court is stayed until this bankruptcy proceeding is resolved. Second, Kelley explains that he wants to be able to pursue the likely recipients of the stolen funds that Cypress received from

---

[3] Cypress argues: "A business debtor with no assets, yet overwhelmed with the financial burden of fighting litigation sought the protection of the bankruptcy court to demonstrate that it has no assets." Br. of Appellee 12. Cypress, however, did not need the bankruptcy proceeding to tell Kelley that it had no assets. Moreover, that Cypress has no assets is now clear, and the sustenance of its bankruptcy proceeding is no longer needed to prove this point.

Cypress also cites *In re Carbaugh*, 299 B.R. 395 (Bankr. N.D. Tex. 2003), for the principle that the facts must be "extraordinary" to justify the dismissal of a Chapter 7 case for bad faith. The court holds, however, that for the reasons stated above, the facts in this case are extraordinary. Furthermore, the court can still dismiss for cause even if bad faith is not found.

**Memorandum Opinion and Order - Page 8**

PCI. Kelley is concerned that if this bankruptcy proceeding is not dismissed, the recipients could try to argue in Minnesota state court that since he did not pursue the fraudulent transfers in the bankruptcy proceeding, there is now not a valid claim against them. Kelley is also concerned that Cypress's Chapter 7 Trustee is vested with standing to commence avoidance actions against Cypress's equity holders (the transferees) and that Cypress will be able to "cleanse" the fraudulent transfers of stolen funds it first received since the time in which a creditor could sue to recover a fraudulent transfer expired before Cypress filed its Chapter 7 case. Kelley is also concerned that unnecessary litigation regarding these actions would likely result from Cypress or the parties that received the stolen funds, which the court considers to be a valid concern.

**IV.    Conclusion**

For the reasons herein stated, the court **reverses** the Bankruptcy Court's May 2, 2013 Order Denying Motion for Dismissal Pursuant to 11 U.S.C. § 707 and **remands** this proceeding to the Bankruptcy Court for it to dismiss this case consistent with the court's opinion. Pursuant to Bankruptcy Rule 8016(a), the clerk of the court is hereby directed to "prepare, sign and enter the judgment" in accordance with this order. All costs of appeal shall be taxed against Cypress Financial Trading Company, L.P.

**It is so ordered** this 30th of July, 2014.

_____
Sam A. Lindsay
United States District Judge